UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN KING,

    Plaintiff,

  v.              Case No. 18-C-744

MELISSA GONZALEZ et al.,

    Defendants.

## DECISION AND ORDER

  Nearly three years ago, plaintiff Ryan King, who is serving a state prison sentence at Waupun Correctional Institution, filed a complaint asserting that his civil rights had been violated while he was an inmate at Racine County Jail. Dkt. No. 1. King alleged that he bought a pair of earplugs from the jail's commissary to help him sleep. When he awoke the next morning, he tried to remove the earplugs, but one of them broke in his ear. Jail staff tried to remove the broken earplug, but they were unsuccessful, so King was sent to the Wheaton Franciscan Hospital emergency room.

  Emergency room staff were also unsuccessful in their removal attempts and decided to refer King to an ear, nose, and throat specialist. An unidentified doctor at the hospital mistakenly wrote in the discharge papers that the earplug had been removed. King learned of the error before he was discharged and asked one of the officers who had escorted him to the hospital to get the statement corrected. The officer refused to do so but told King he would inform jail staff of the error. Despite his assurances, the officer allegedly failed to do so.

For five days, King complained to jail staff (some of whom were sued as John and Jane Does) that the discharge papers were incorrect, that the broken earplug was still in his ear, and that he was in extreme pain. Everyone King spoke to ignored him and refused to look in his ear or provide him with pain medication. Finally, a nurse spoke to the officer who had escorted King to the hospital and confirmed that the discharge papers were incorrect. King was then sent to the ear, nose, and throat specialist, who was able to remove the broken earplug.

## PROCEDURAL BACKGROUND

On October 11, 2018, the case was referred to me to screen the complaint because not all parties had had the opportunity to consent to magistrate judge jurisdiction. King was allowed to proceed on Eighth Amendment claims against the jail officials who had ignored his complaints that his discharge papers were incorrect, that the earplug was still in his ear, and that he was in significant pain. He also was allowed to proceed on a medical malpractice claim against the unknown doctor who improperly completed his discharge papers and against Wheaton Franciscan Hospital under a theory of respondeat superior. Finally, he was allowed to proceed on a product liability claim against the maker of the earplugs. Dkt. No. 8. The case was then returned to the magistrate judge to whom the case was assigned.

On November 20, 2018, the case was reassigned to me because not all parties consented to magistrate judge jurisdiction. Shortly thereafter, the Court referred the case back to the magistrate judge to handle pretrial matters. Dkt. No. 18. Some confusion arose over whether King had hired an attorney, which prevented the case from moving forward. Then, on April 25, 2019, the magistrate judge stayed the case for ninety days to allow King to file a request for mediation regarding his medical malpractice claim. On September 20, 2019, the magistrate judge returned the case to me.

On November 25, 2019, the Court lifted the stay, and the next day, the Court entered a scheduling order requiring King to identify the names of the Doe defendants by February 24, 2020. Dkt. No. 41. King's attempts to obtain the information he needed to identify the Doe Defendants were unsuccessful, so on June 17, 2020, the Court stayed the case again and informed King it would attempt to find a lawyer to help him identify the Doe Defendants. Dkt. No. 49. About six months later, on January 7, 2021, the Court entered an order appointing pro bono counsel for King for the limited purpose of helping him identify the Doe defendants.[1]

## ANALYSIS

In an effort to get this case moving again, the Court has had the opportunity to review King's complaint and to assess whether it is appropriate to narrow the scope of the case to assist the parties in timely resolving King's claims. The Court believes it is. To start, upon further consideration, the Court now finds that it cannot exercise supplemental jurisdiction over the state-law medical malpractice claim against the John Doe doctor and Wheaton Franciscan Hospital. When a district court has original jurisdiction over a civil action, it also has supplemental jurisdiction over state law claims that "are so related to claims in the action" over which the Court has "original jurisdiction that they form part of the same case or controversy under Article III of the United State Constitution." 28 U.S.C. §1367(a). Supplemental jurisdiction is not appropriate merely because the claims are "tangentially related" or share a broad factual background. *Hernandez v. Dart*, 635 F. Supp. 2d 798, 814 (N.D. Ill. 2009). "Instead, the question is whether the proof necessary for the state claim overlaps with the proof necessary for the federal claim."

---

[1] The Court thanks Attorney Nathan DeLadurantey for volunteering to represent King for this limited purpose. His willingness to do so is a great help to King and the Court.

3

*Birdo v. Mathis*, Case No. 15-cv-456, 2015 WL 3948150, at *3 (S.D. Ill. June 26, 2015) (citations omitted).

King's federal claim is based on his allegations that jail officials ignored his complaints of pain and refused to verify his assertions that the hospital discharge papers were incorrect and the broken earplug was still in his ear. The factual basis for this claim does not overlap with the factual basis for King's medical malpractice claim, which is based on King's allegations that an ER doctor entered inaccurate information in his discharge papers. Although these claims are loosely connected—they both involve a broken earplug—the proof necessary for the medical malpractice claim will not overlap with the proof necessary for the federal claim, nor will King be required to prove that the doctor committed medical malpractice in order to prevail on his federal claim. Accordingly, King's medical malpractice claim is not "so related" to his federal claim that the Court has supplemental jurisdiction over it. The Court will dismiss the John Doe doctor and Wheaton Franciscan Hospital without prejudice. If King would like to pursue this claim, he may do so in state court.

The Court will also dismiss King's product liability claim. King does not currently know the name of the company that made the earplugs. If the company is a Wisconsin company, the Court could exercise supplemental jurisdiction over the product liability claim only if the requirements of §1367(a) are satisfied. They are not. As was the case with King's medical malpractice claim, King's product liability claim is only loosely connected to his federal claim. The evidence necessary for King to prove his product liability claim will not overlap with the evidence necessary for him to prove his federal claim, nor will King be required to prove that the earplugs were defective in order to prevail on his federal claim. Accordingly, if the maker of the

earplugs is a Wisconsin company, the Court cannot exercise supplemental jurisdiction over the product liability claim under §1367(a).

If the company is *not* a Wisconsin company, the Court can exercise jurisdiction over the product liability claim only if the requirements of 28 U.S.C. §1332(a) are satisfied. They are not. Under §1332(a), a federal court shall have original jurisdiction over claims between citizens of different states if the amount in controversy is greater than $75,000. Even if the earplug company and King are citizens of different states, King cannot satisfy the necessary jurisdictional amount in controversy.

According to King's complaint, when the earplug broke in his ear, it was easily visible such that more than one person attempted to extract it. King asserts that the pain he experienced was largely caused by unsuccessful efforts to remove the earplug, which pushed it further into his ear canal. The pain and irritation were then exacerbated by the five-day delay during which jail officials allegedly ignored his complaints and pleas for help. King asserts that, when he was finally taken to the ear, nose, and throat specialist, the earplug was removed without further incident. Thus, the pain and suffering King asserts he suffered were not a result of the allegedly defective earplug, they were the result of jail officials' unsuccessful attempts to remove it and their alleged deliberate indifference to his assertions that the earplug was still in his ear. The damages related to the allegedly defective earplug (*i.e.*, the medical costs related to removing it) were likely minimal, and, because King is a prisoner, were paid for by someone other than him.

The Court finds that, as it relates to the product liability claim, King would not be entitled to damages sufficient to meet the amount in controversy requirement, so the Court would not have jurisdiction under §1332. *See Del Vecchio v. Conseco, Inc.*, 230 F.3d 974 979 (7th Cir. 2000) (emphasizing that "a claim for actual damages that vastly exceeds the apparent amount at stake …

and asserts a right to punitive damages at the far upper end of the possible distribution of outcomes must be assessed critically"). The Court will dismiss King's product liability claim without prejudice. If he would like to pursue this claim, he may do so in state court.

**IT IS THEREFORE ORDERED** that Defendants John Doe doctor, Wheaton Franciscan Hospital, and John Doe ear plug maker are **DISMISSED without prejudice** because the Court lacks jurisdiction over the claims asserted against them.

Dated at Green Bay, Wisconsin this  2nd  day of March, 2021.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge