UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN KING,

    Plaintiff,

    v.                              Case No. 18-C-744

MELISSA A. GONZALEZ, et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff Ryan King is currently serving a state prison sentence at Waupun Correctional Institution and representing himself. On August 26, 2021, he filed a motion to compel. King identifies six document requests that he asserts Defendants have not responded to. Civil Local Rule 37 requires that all motions to compel include "a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord." In other words, before filing a motion to compel, a party needs to first discuss its dispute with the opposing party's lawyer. And, if they cannot work out the dispute and a party files a motion to compel, the party must include a certification in his motion that he first tried to work it out with the opposing party's lawyer. King's motion does not include the required certification, suggesting that he asked the Court to get involved before attempting to informally resolve his dispute with Defendants' counsel. Accordingly, the Court will deny his motion.

    Parties are often able to resolve their disputes without the Court's help, which saves both the Court and the parties time and resources. Where, as here, the plaintiff is a pro se prisoner, the

plaintiff's duty to comply with Rule 37's "meet and confer" requirement can be difficult or impossible to fulfill. Under these circumstances, the Court expects counsel for the defendant to take the initiative, once counsel realizes a dispute exists. Accordingly, counsel should contact King to get a better understanding of what he is seeking and why he has not received the documents he requested. The Court also encourages Defendants to promptly respond to timely served requests and to address the specific concerns raised by King in his motion, particularly those referencing missing pages and missing documents. The parties should be flexible and work with one another in good faith, understanding the unique challenges and limitations King faces. If the parties cannot reach an agreement, King may refile his motion to compel. If he does so, he should take care to include the certification required by Civil Local Rule 37 and explain why the parties were unable to reach an agreement.

Finally, the Court notes that there are two motions for summary judgment on exhaustion grounds pending. King's responses are due on September 8 and September 13, 2021. Some of the documents King identifies in his motion to compel appear to be relevant to the issue of exhaustion. The Court reminds King that, if he believes he needs additional time to prepare his response materials, he must ask for additional time *before* his response materials are due.

**IT IS THEREFORE ORDERED** that King's motion to compel (Dkt. No. 94) is **DENIED**.

Dated at Green Bay, Wisconsin this 30th day of August, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge