UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN KING,

        Plaintiff,

    v.                            Case No. 18-C-744

MELISSA GONZALEZ, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff Ryan King, who is serving a state prison sentence at Waupun Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983, alleging that his civil rights were violated while he was incarcerated at the Racine County Jail. On August 9, 2021, Defendants Melissa Gonzalez, Dougal Wearing, Marco Verdiguel, and William Becker moved for summary judgment on the ground that King failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 82. Less than a week later, on August 13, 2021, Defendants Cristina DeJesus and Kendra Navarro moved for summary judgment on the same ground. Dkt. No. 88. The Court will deny the motions.

### BACKGROUND

King is proceeding on Fourteenth Amendment claims based on allegations that Defendants ignored his pleas for help regarding an ear plug that was stuck deep in his ear canal. From May 16-18, 2015, King submitted multiple requests for medical attention complaining that hospital discharge information saying an earplug had been removed from his ear was incorrect, that the

earplug was still in his ear, and that he was experiencing pain and puffiness. Dkt. No. 83 at ¶¶5–7; Dkt. No. 89 at ¶¶7, 18–20.

On May 18, 2015, King was evaluated by medical staff who referred him to an ear, nose, and throat specialist to remove the earplug. They also prescribed Tylenol for his pain. That same day, a written response of "Addressed" was written on King's grievances and returned to King. King did not file any additional grievances, nor did he appeal the responses he received. Dkt. No. 89 at ¶¶8, 22.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because King was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). To properly exhaust administrative remedies, prisoners must file their inmate complaints and appeals in the place, at the time, and in the manner that the institution's administrative rules require. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Racine County Jail has an established grievance process, which is explained in the handbook. When an inmate has a basis for a grievance or complaint and informal resolution is not possible, the inmate must submit a written complaint to the jail sergeant describing the nature of the grievance. Grievances must be submitted within seven days of the occurrence. Properly submitted grievances will be investigated and a response provided within fourteen days. If a grievance is denied, the inmate can appeal to the jail captain within seven days after the denial. Dkt. No. 83 at ¶¶9–13.

Defendants assert that King failed to exhaust the available administrative remedies because, although he filed grievances satisfying the initial step in the grievance process, he failed to appeal the responses he received.[1] Dkt. No. 84 at 5–6, Dkt. No. 90 at 8–9. King asserts that he

---

[1] Defendants Gonzalez, Wearing, Becker, and Verdiguel argue for the first time in their reply brief that King's grievances did not provide notice that he was complaining about alleged misconduct of correctional officers in addition to medical staff. The Court will not address these additional arguments. "New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in an opening brief." *Lawrenceburg Power, LLC v. Lawrenceburg Municipal Utilities*, 410 F. Supp. 3d 943, 949 (S.D. Ind. 2019) (citations omitted).

3

exhausted the available administrative remedies because the procedures require an inmate to appeal only when a grievance is denied and his grievance was not denied. *See* Dkt. No. 85-2 at 5. The parties agree that King's grievances were not denied—they were marked as "addressed" after he received the medical attention and pain medication he requested.

As King points out, the procedures on which Defendants rely specify that an inmate may appeal "if a grievance is denied." Dkt. No. 85-2 at 5. The procedures are silent on whether an inmate must take additional steps if his grievance is granted or addressed. "Prisoners are required to exhaust grievance procedures they have been told about, but not procedures they have not been told about." *Hill v. Snyder*, 817 F.3d 1037, 1040 (7th Cir. 2016) (citations omitted). Defendants argue that inmates must strictly comply with the grievance procedures while simultaneously demanding that inmates read the procedures broadly to require steps not specifically stated. "The Prison Litigation Reform Act was not meant to impose the rule of 'heads we win, tails you lose' on prisoner suits." *King v. McCarty*, 781 F.3d 889, 896 (7th Cir. 2015) (overruled on other grounds). King did as much as the grievance procedures explicitly required.

Further, the Seventh Circuit explained in nearly identical circumstances that "the defendants' notion that [the plaintiff] should have appealed to higher channels after receiving the relief he requests in his grievances is not only counter-intuitive, but it is not required by the PLRA." *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005). This is because, once an inmate receives the remedy he seeks in his grievance (here, referral to an ENT to remove the earplug and pain medication), there is "simply no 'remedy' that a higher appeal could provide." *Id.* at 696. Defendants rely on *Booth v. Churner*, 532 U.S. 731 (2001), for the proposition that futility is not an excuse for the failure to exhaust available administrative remedies. But the Seventh Circuit rejected this very argument, explaining that *Booth*'s holding does not apply in circumstances like

4

King's, where there is no possibility of prison officials offering any additional relief because the inmate has already received what he requested in his grievances. *Thornton*, 428 F.3d at 696. King failed to appeal the addressed grievances not because doing so would have been futile, but because doing so was unnecessary—his grievance was fully resolved when he received the relief he requested. Because Defendants fail to show that King did not exhaust the available administrative remedies, the Court will deny their motions.

## CONCLUSION

For these reasons, Defendants' motions for summary judgment on exhaustion grounds (Dkt. Nos. 82, 88) are **DENIED**.

Dated at Green Bay, Wisconsin this 2nd day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
